**E-FILED**
Friday, 26 May, 2006  04:04:52 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, DIVISION**

| | | |
|---|---|---|
| **LISA GIACOMINI-FAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** |
| | ) | |
| **MERCK & CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

*NOW COMES* the Plaintiff, LISA GIACOMINI-FAY, by and through her attorneys,

GATES, WISE & SCHLOSSER, P.C., and for her Complaint against Defendant MERCK

& CO, INC., states as follows:

1.     This action arises under Section 701(k) of the Civil Rights Act of 1964, 42

U.S.C. Section 2000e-2(a)(1), and the Court has subject matter jurisdiction under Section

706(f)(3) of the Act, 42 U.S.C. Section 2000e-5(f)(3).

2.     At all times relevant to this Complaint, the Defendant MERCK & CO, INC.

(hereinafter "MERCK") is and has been a New Jersey Corporation doing business in the

Central District of Illinois.

3.     At all times relevant to this Complaint, the Defendant is and has been an

"employer" within the meaning of Section 701(b) of the Act, 42 U.S.C. Section 2000e(b).

4.     On September 28, 1998, the Defendant hired Plaintiff, Lisa Giacomini-Fay, to

work as a Professional Representative and Plaintiff thereby became Defendant's "employee" within the meaning of Section 701(f) of the Act, 42 U.S.C. Section 2003e(f).

5.    Plaintiff is a female.

6.    At all times relevant, Plaintiff performed the duties of her position in a satisfactory manner.

7.    From November 2002 through January 2003, Plaintiff was off on maternity leave.

8.    Upon returning from maternity leave, Plaintiff was subject to a continuing pattern of discrimination and harassment which adversely affected the terms and conditions of Plaintiff's employment.

9.    The continuing pattern of discrimination and harassment included, but was not limited to, the following:

    a.    In May of 2002, Plaintiff's supervisor, Sarah Sullivan denied Plaintiff the opportunity to interview for a "Specialty Rep" position. Ms. Sullivan's stated reason for denying Plaintiff the opportunity to interview for the Specialty Rep position was because Plaintiff was pregnant.

    b.    On October 1, 2003, during a field visit with Ms. Sullivan, Plaintiff was told that she was not going to be promoted to "Senior Rep" status because she went on maternity leave. According to MERCK's

promotional policy, Plaintiff was entitled to promotion to "Senior Rep" Status due to her years of service with MERCK and her prior performance as a Professional Representative.

c. In October, 2003, after being told that she would not be promoted to "Senior Rep" status, Plaintiff, together with a co-worker named Lesley Schwartz, submitted a request for job-sharing. Ms. Sullivan denied this request, despite the fact that Plaintiff had successfully performed in a job-share position earlier in her tenure with Merck.

d. During field visits in November 2003, December 2003, January 2004, February 2004, March 2004, April 2004 and May 2004 Ms. Sullivan consistently demonstrated hostility towards Plaintiff.

e. During a February 24, 2004 field visit with Ms. Sullivan, Plaintiff inquired about a promotion to Senior Rep status. Ms. Sullivan said that the promotion would not be forth coming.

f. On April 28, 2004, Plaintiff was advised by Sara Sullivan that she was to be placed on a 30 day probationary period, after which "severe consequences will follow".

10. Similarly situated non-pregnant employees were treated more favorably in that they were not subject to ongoing discrimination and harassment.

11.      As a consequence of the foregoing, Plaintiff suffered mental distress, humiliation, loss of the enjoyment of life, loss of reputation, lost benefits, and lost wages due to his constructive discharge.

12.      On June 8, 2004, Plaintiff filed with the State of Illinois Department of Human Rights the "Charge of Discrimination" attached hereto as "Exhibit A."

13.      On May 16, 2006, Plaintiff received from the Equal Employment Opportunity Commission the "Notice of Right to Sue" attached to this Complaint as "Exhibit B."

WHEREFORE, Plaintiff LISA GIACOMINI-FAY, prays for judgment in her favor and against Defendant, MERCK & CO, INC., and for an award of injunctive relief and a monetary award in an amount sufficient to compensate her for her loss of wages, lost benefits, mental suffering and mental anguish, her reasonable attorney's fees and costs, and an amount as punitive damages.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,
**LISA GIACOMINI FAY**,


By:    \s\Bradley B. Wilson
         One of His Attorneys.


Bradley B. Wilson
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
Tel: (217) 522-9010
Fax: (217) 522-9020

E-FILED
Friday, 26 May, 2006 04:06:43 PM
Clerk, U.S. District Court, ILCD

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

04M0609.10

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| X | IDHR | 400 454 5808 |
| X | EEOC | 21BA 92 412 |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (include area code) |
|---|---|---|
| LISA GIACOMINI-FAY | | 217-483-7952 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 6204 MACKENZIE PL | SPFLD, IL 62704 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME  (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS  15+ | TELEPHONE (include area code) |
|---|---|---|
| MERCK & CO., INC | | 708 836 4200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4 WESTBROOK CORP CTR | WESTCHESTE, IL 60154 | 103 |

| NAME | | TELEPHONE (include area code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| SEX | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| | / /     04/28/2004 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE ( if additional space is needed attach extra sheet(s) )

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| | SIGNATURE OF COMPLAINANT      DATE |
| Notary Public Seal | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year) |

EEOC FORM 5 S (5/02)       SPR9ELV



EXHIBIT
A

*2004SF3808*

# VERIFIED CHARGE OF DISCRIMINATION

RECEIVED

JUL 0 8 2004

Dept. of Human R...

| | |
|---|---|
| Complainant's Name: | LISA GIACOMINI-FAY |
| Complainant's Address: | 6204 MacKenzie Place<br>Springfield, IL 62704 |
| Complainant's Telephone: | 217-483-7952 |
| Complainant's Counsel: | Bradley B. Wilson<br>Gates, Wise & Schlosser, P.C.<br>1231 South Eighth Street<br>Springfield, IL 62703 |

## NAMED BELOW ARE THE RESPONDENTS WHO DISCRIMINATED AGAINST ME:

| | |
|---|---|
| Name of Respondent: | Merck & Co., Inc. |
| Address of Respondent: | Suite 700<br>Four Westbrook Corporate Center<br>Westchester IL, 60154 |
| Telephone of Respondent: | 708- 836-4200 |

### DISCRIMINATION BECAUSE OF SEX (PREGNANCY)

---

## CHARGE AGAINST MERCK & CO, INC.

### DISCRIMINATION BECAUSE OF SEX (PREGNANCY)

1. I am female.

2. I was hired by Respondent as a Professional Representative on September 28, 1998.

3. At all times relevant, I was performing the duties of my position in a satisfactory manner.

4. From November 2002 through January 2003, I was off on maternity leave.

5. Upon returning from maternity leave, I became subject to a continuing pattern of discrimination and harassment which adversely affected the terms and conditions of

1

my employment.

6. The continuing pattern of discrimination and harassment included, but was not limited to the following:

* In May of 2002, my supervisor, Sarah Sullivan denied me the opportunity to interview for a "Specialty Rep" position. Ms. Sullivan's stated reason for denying me the opportunity to interview for the Specialty Rep position was because I was pregnant.

* On October 1, 2003, during a field visit with Ms. Sullivan, I was told that I was not going to be promoted to "Senior Rep" status. Based upon Merck's promotional policy, I was, at that time, entitled to the promotion as a result of my years of service with Merck and my sales "numbers." When I asked why I was being denied the promotion, Ms. Sullivan stated "Because you went on maternity leave." When I sought further clarification, Ms. Sullivan twice re-iterated the fact that I would not be promoted because I took maternity leave. Finally, at the conclusion of the discussion, Ms. Sullivan stated, "You will be promoted in February."

* In October, 2003, after being told that I would not be promoted to Senior Rep status, I, together with a co-worker named Lesley Schwartz, submitted a request for job-sharing. Ms. Sullivan denied this request, despite the fact that I had successfully performed in a job-share position earlier in my tenure with Merck.

* During field visits in November 2003, December 2003, January 2004 and February 2004, Ms. Sullivan consistently demonstrated hostility towards me.

* During a February 24, 2004 field visit with Ms. Sullivan, I inquired about the promotion to Senior Rep status, noting Ms. Sullivan's October 1, 2003 assurance that I would be promoted in February. Ms. Sullivan said that the promotion would not be forth coming.

* On April 28, 2004 I, advised by Sara Sullivan that I was to be placed on a 30 day probationary period, after which "severe consequences will follow.".

7. Similarly situated, non-pregnant employees were treated more favorably in that they were not subjected to ongoing discrimination and harassment.

2

STATE OF ILLINOIS               )
                                 ) SS.
COUNTY OF SANGAMON              )

## VERIFICATION

I, LISA GIACOMINI-FAY, having first been duly sworn on oath, depose and state that I

have read the foregoing charge and that the charge is true to the best of my knowledge,

information and belief.

_____
LISA GIACOMINI-FAY

SIGNED AND SWORN to before me, a notary public, by LISA GIACOMINI-FAY on
this ___ day of _____, 2004.

_____
NOTARY PUBLIC

3

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE -- TITLE VII / ADA/ADEA
### (Conciliation Failure)

| | |
|---|---|
| To:  Lisa Giacomini-Fay | From:   Equal Employment Opportunity Commission |
| 6204 Mackenzie Place | 500 West Madison Street |
| Springfield, IL 62704 | Suite 2800 |
| | Chicago, Illinois 60661 |

Certified Mail No.: 7001 0320 0005 9832 9803

[  ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL*
*(29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 21B-2004-02412 (IDHR #: 2004SF3808 | Nanisa Pereles, Investigator | (312) 353-8739 |

( See the additional information attached to this form )

The Commission has found reasonable cause to believe that your charge of employment discrimination is true but has not entered into a conciliation agreement to which you are a party because attempts to achieve such a voluntary settlement with respondent(s) have been unsuccessful.

The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing this Notice of Right to Sue. With the issuance of this Notice the Commission terminates its process with respect to your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.

If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM YOUR RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

Your suit may include any allegation contained in your charge of employment discrimination or any matter which was or should have been discovered by the Commission during its investigation of your charge.

On Behalf of the Commission

*May 10, 2006*

*John P. Rowe*

John P. Rowe, District Director

Enclosures

Information sheet

cc: Respondent(s)     Merck & Company, Inc.



✎JS 44 ' (Rev. 11/04)

# CIVIL COVER SHEET

E-FILED
Friday, 26 May, 2006, 04:07:05 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❒ 1   U.S. Government
        Plaintiff

❒ 3   Federal Question
        (U.S. Government Not a Party)

❒ 2   U.S. Government
        Defendant

❒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ❒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | | | ❒ 900 Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | | | ❒ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❒ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

❒ 1 Original
     Proceeding

❒ 2 Removed from
     State Court

❒ 3 Remanded from
     Appellate Court

❒ 4 Reinstated or
     Reopened

❒ 5 Transferred from
     another district
     (specify)

❒ 6 Multidistrict
     Litigation

❒ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.                 Example:                U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.