IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, DIVISION

| | |
|---|---|
| LISA GIACOMINI-FAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Jeanne F. Scott |
| v. ) | |
| ) | Magistrate Judge Charles E. Evans |
| MERCK & CO., INC., ) | |
| ) | Case No. 3:06-CV-03104-JES-CHE |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant MERCK & CO., INC. ("Merck"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Plaintiff Lisa Giacomini-Fay's ("Plaintiff") Complaint, respectfully states as follows:

**COMPLAINT ¶ 1:**

This action arises under Section 701(k) of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a)(1), and the Court has subject matter jurisdiction under Section 706(f)(3) of the Act, 42 U.S.C. Section 2000e-5(f)(3).

**ANSWER:**

Merck admits that Plaintiff purports to bring claims under Section 701(k) of the Civil Rights Act of 1964 and that this Court has jurisdiction under Section 706(f)(3) of the Act, 42 U.S.C. Section 2000e-5(f)(3), but denies that it has violated Title VII and further denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶ 2:**

At all times relevant to this Complaint, the Defendant MERCK CO., INC. (hereinafter "MERCK") is and has been a New Jersey Corporation doing business in the Central District of Illinois.

**ANSWER:**

 Merck admits the allegations in Paragraph 2.

**COMPLAINT ¶ 3:**

 At all times relevant to this Complaint, the Defendant is and has been an "employer" within the meaning of Section 701(b) of the Act, 42 U.S.C. Section 2000e(b).

**ANSWER:**

 Merck admits the allegations in Paragraph 3.

**COMPLAINT ¶ 4:**

 On September 28, 1998, the Defendant hired Plaintiff, Lisa Giacomini-Fay, to work as Representative and Plaintiff thereby became Defendant's "employee" within the meaning of Section 701(f) of the Act, 42 U.S.C. Section 2003e(f).

**ANSWER:**

 Merck admits the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

 Plaintiff is a female.

**ANSWER:**

 Merck admits the allegations in Paragraph 5.

**COMPLAINT ¶ 6:**

 At all times relevant, Plaintiff performed the duties of her position in a satisfactory manner.

**ANSWER:**

 Merck denies the allegations in Paragraph 6.

**COMPLAINT ¶ 7:**

 From November 2002 through January 2003, Plaintiff was off on maternity leave.

**ANSWER:**

 Merck denies the allegations in Paragraph 7.  Merck affirmatively states that Plaintiff was on maternity leave from December 24, 2002 through February 3, 2003.

**COMPLAINT ¶ 8:**

Upon returning from maternity leave, Plaintiff was subject to a continuing pattern of discrimination and harassment which adversely affected the terms and conditions of Plaintiff's employment.

**ANSWER:**

Merck denies the allegations in Paragraph 8.

**COMPLAINT ¶ 9:**

The continuing pattern of discrimination and harassment included, but was not limited to, the following:

   a.  In May of 2002, Plaintiff's supervisor, Sarah Sullivan denied Plaintiff the opportunity to interview for a "Specialty Rep" position. Ms. Sullivan's stated reason for denying Plaintiff the opportunity to interview for the Specialty Rep position was because Plaintiff was pregnant.

   b.  On October 1, 2003, during a field visit with Ms. Sullivan, Plaintiff was told that she was not going to be promoted to "Senior Rep" status because she went on maternity leave. According to MERCK's promotional policy, Plaintiff was entitled to promotion to "Senior Rep" status due to her years of service with MERCK and her prior performance as a Professional Representative.

   c.  In October, 2003, after being told that she would not be promoted to "Senior Rep" status, Plaintiff, together with a co-worker named Lesley Schwartz, submitted a request for job-sharing. Ms. Sullivan denied this request, despite the fact that Plaintiff had successfully performed in a job-share position earlier in her tenure with Merck.

   d.  During field visits in November 2003, December 2003, January 2004, February 2004, March 2004, April 2004 and May 2004 Ms. Sullivan consistently demonstrated hostility towards Plaintiff.

   e.  During a February 24, 2004 field visit with Ms. Sullivan, Plaintiff inquired about a promotion to Senior Rep status. Ms. Sullivan said that the promotion would not be forth coming [sic].

   f.  On April 28, 2004, Plaintiff was advised by Sara Sullivan that she was to be placed on a 30 day probationary period, after which "severe consequences will follow".

**ANSWER:**

Merck admits that in or about May 2002, Sullivan did not recommend Plaintiff to be interviewed for the "Specialty Rep" position because of her poor sales performance in 2001. Merck admits that on or about October 1, 2003, Sullivan informed Plaintiff that she was not eligible for promotion at that time. Merck affirmatively states that Plaintiff was not eligible for promotion because she failed to satisfy all of the promotional criteria. Merck admits that Plaintiff and Lesley Schwartz submitted a request for job-sharing in or about October 2003 and that the request was denied. Merck admits that during a field visit on February 24, 2004, Plaintiff asked Sullivan whether she was going to be promoted at that time and Sullivan informed her that she would not be promoted at that time. Merck affirmatively states that on April 28, 2004, Sullivan provided Plaintiff with a memorandum indicating that if her performance failed to improve in subsequent field visits, she would receive a 30-day warning letter, and that Plaintiff was given a 30-day warning letter on May 26, 2004. Merck denies each and every remaining allegation in Paragraph 9.

**COMPLAINT ¶ 10:**

Similarly situated non-pregnant employees were treated more favorably in that they were not subject to ongoing discrimination and harassment.

**ANSWER:**

Merck denies the allegation that any similar-situated employees received more favorable treatment than Plaintiff. Merck further states that neither Plaintiff nor other similarly situated non-pregnant employees were subject to discrimination and/or harassment.

**COMPLAINT ¶ 11:**

As a consequence of the foregoing, Plaintiff suffered mental distress, humiliation, loss of the enjoyment of life, loss of reputation, lost benefits, and lost wages due to his constructive discharge.

**ANSWER:**

Merck denies the allegations in Paragraph 11.

**COMPLAINT ¶ 12:**

On June 8, 2004, Plaintiff filed with the State of Illinois Department of Human Rights the "Charge of Discrimination" attached hereto as "Exhibit A."

**ANSWER:**

Merck admits the allegations in Paragraph 12.

**COMPLAINT ¶ 13:**

On May 16, 2006, Plaintiff received from the Equal Employment Opportunity Commission the "Notice of Right to Sue" attached to this Complaint as "Exhibit B."

**ANSWER:**

Merck admits that Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission (the "EEOC"). Merck denies that Plaintiff received the Notice of Right to Sue from the EEOC on May 16, 2006 and affirmatively states that Plaintiff received the Notice of Right to Sue from the EEOC on May 10, 2006.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages.

2. Plaintiff's claims are barred to the extent they exceed the scope of the allegations in the charge of discrimination she filed with the Illinois Department of Human Rights and Equal Employment Opportunity Commission.

3. Plaintiff's claims are barred to the extent she seeks to base her claims on events occurring outside the applicable statute of limitations.

4. Plaintiff cannot establish a Title VII violation based on harassment because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and because Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

5. Plaintiff's request for punitive damages is barred because Merck made a good faith effort to comply with Title VII of the Civil Rights Act of 1964 and had reasonable grounds for believing that any act taken or omission made was not a violation of Title VII.

DATED: August 10, 2006

Respectfully submitted,

MERCK & CO., INC.

By: _____/s/ Steven J. Pearlman_____
        One of Its Attorneys

S. Leigh Jeter
Steven J. Pearlman
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

**CERTIFICATE OF SERVICE**

      Steven J. Pearlman, an attorney, certifies that he caused a true and correct copy of

*Defendant's Answer To Plaintiff's Complaint* to be served upon:

>Bradley B. Wilson, Esq.
>GATES, WISE & SCHLOSSER, P.C.
>South Eighth Street
>Springfield, IL 62703
>Tel: (217) 522-9010
>Fax: (217) 522-9020

by causing it to be sent via electronic filing transmission, on this 10th day of August, 2006.

                                                   /s/ Steven J. Pearlman
                                                       Steven J. Pearlman