E-FILED
Thursday, 22 March, 2007   03:02:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, DIVISION

| | |
|---|---|
| LISA GIACOMINI-FAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERCK & CO., INC., ) <br> ) <br> Defendant. ) | Judge Jeanne F. Scott <br><br> Magistrate Judge Charles E. Evans <br><br> Case No. 3:06-CV-03104-JES-CHE |

**AGREED MOTION FOR ENTRY OF REVISED AGREED PROTECTIVE ORDER**

Defendant, Merck & Co. Inc. ("Merck"), by its attorneys and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and this Court's November 13, 2006 Administrative Procedures For Filing, Signing and Verifying Pleadings and Papers By Electronic Means in Civil Cases, respectfully moves the Court for the entry of the attached Revised Agreed Protective Order. In support of this motion, Merck states as follows:

1. On February 5, 2007, the parties filed an Agreed Motion for Entry of an Agreed Protective Order. During a telephone hearing on February 23, 2007, Magistrate Judge Evans denied that motion, but granted the parties leave to re-file a motion for entry of a revised Agreed Protective Order that is consistent with the specific directions provided at the hearing. In accordance with Magistrate Evans' directions at the February 23, 2007 hearing, the parties have revised the previously submitted Agreed Protective Order, and attached a copy of the revised version as Exhibit A.

2. Merck and Plaintiff Lisa Giacomini-Fay ("Plaintiff") anticipate producing in this proceeding various documents and information of a confidential nature, including competitively sensitive information about Merck's policies and sales practices, personal information regarding

CH1 11192343.1

current or former employees, and Plaintiff's financial and medical records.  These documents may be relevant to the subject matter of this case.

      3.      Merck treats this information as confidential.  Access to this information is highly restricted, and the documents contain information inappropriate for distribution to third parties.

      4.      The proposed Revised Agreed Protective Order permits Merck's counsel and Plaintiff's counsel to review and use the confidential information with their respective clients and certain non-party witnesses, so long as these individuals execute an acknowledgment agreeing not to disclose the confidential information.

      WHEREFORE, the parties request that the Court grant this motion and enter the attached Revised Agreed Protective Order.

      Respectfully submitted,

      MERCK & CO., INC.

      By:  /s/ Steven J. Pearlman
           Steven J. Pearlman

Date:  March 22, 2007

S. Leigh Jeter
Steven J. Pearlman
SEYFARTH SHAW LLP
131 South Dearborn Street
Chicago, Illinois  60603
(312) 460-5000

CH1 11192343.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2007, I electronically filed the foregoing *Agreed Motion for Entry of Revised Agreed Protective Order* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley B. Wilson, Esq.<br>
GATES, WISE & SCHLOSSER, P.C.<br>
1231 South Eighth Street<br>
Springfield, IL 62703

/s/ Steven J. Pearlman
Steven J. Pearlman

CH1 11192343.1

E-FILED
Thursday, 22 March, 2007  03:02:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, DIVISION

| | |
|---|---|
| LISA GIACOMINI-FAY, ) | |
| ) | Judge Jeanne F. Scott |
| Plaintiff, ) | |
| v. ) | Magistrate Judge Charles E. Evans |
| ) | |
| MERCK & CO., INC., ) | Case No. 3:06-CV-03104-JES-CHE |
| ) | |
| Defendant. ) | |

WHEREAS, pursuant to discovery, Defendant Merck & Co., Inc. ("Merck") will make available to Plaintiff Lisa Giacomini-Fay ("Plaintiff") certain documents of a highly confidential nature; and Plaintiff and her counsel having agreed that the following restrictions shall apply to such documents, it is ordered that:

### REVISED AGREED PROTECTIVE ORDER

1.      The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information.  Materials and information protected by this Order shall include all information and documents produced to Plaintiff by Merck in the course of discovery in the above-captioned lawsuit including in response to Plaintiff's Interrogatories, Request for Production of Documents, or any other discovery requests by Plaintiff), which contain proprietary information regarding Merck's policies regarding promotion, training programs, performance reviews, transfers, sales strategies, and hiring.  In addition, this Order shall include documents regarding current and former employees of Merck, which include information regarding these individuals' duties, salaries, bonuses, commissions, salary increases, promotions, transfers, evaluation, discipline, benefits, pregnancy-related leaves, discharge, resignation, layoff, retirement, formal or informal complaints, claims, charges, grievances or causes of action.  This Order shall also include Plaintiff's financial and medical records.

CH1 11190066.1

2. The categories of documents referenced in Paragraph 1 will be designated as "confidential" upon production by Merck. Either a party or an interested member of the public may challenge a "confidential" designation. The materials and information protected by this Order are hereinafter referenced collectively as "protected materials."

3. Merck claims the information referenced in Paragraph 1 of this Order is highly confidential in nature and warrants the protections afforded by this Order; specifically, information included in Merck's personnel files and job jackets is of a sensitive, private nature; such files include performance evaluations, and information relating to discipline, grievances, complaints, terminations, resignations, job history, medical information and benefits; moreover, documents bearing on employee performance reflect confidential information relating to Merck's competitive strategies and business operations, such as sales strategies, goals and metrics, financial information, and identities of current and prospective customers; Merck invests substantial resources in developing these strategies, operations and customer lists, and would suffer serious financial harm if this information became available to its competitors; as such, Merck only allows specifically designated employees, such as Human Resources professionals and others with a specific business need for this information, to access these files; this Order also protects other private, confidential employment-related information such as employee salaries, bonuses and salary increases and commissions; if Merck's competitors are allowed access to this information they could revise their compensation structures or otherwise offer more competitive salaries to Merck's current and prospective employees, thus having a deleterious impact on Merck's workforce; and the Order also protects confidential hiring criteria on which Merck relies for the purpose of developing a competitive workforce that distinguishes it from its competitors;

4.      If any party or interested member of the public objects to the designation of information, documents or depositions as "confidential" under this Order, the objecting party shall notify the Producing Party in writing.  The notice shall identify the challenged designation, and shall specifically state the reason or reasons for the objection.  Should the parties and/or interested member of the public be unable to informally resolve any such objection, the objecting party or interested member of the public may submit the dispute to the Court for the resolution by appropriate motion.  All information, documents and testimony designated as "confidential" shall be treated as such unless and until the Court rules otherwise.  A failure by any party or interested member of the public to object to the designation of information or documents as "confidential" shall not constitute an admission or agreement that such document or information is, in fact, confidential information as described in this Paragraph.

5.      As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate protected materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

6.      Protected materials shall not be disclosed in any manner, directly or indirectly, to any person other than persons assisting Plaintiff's counsel in the instant litigation.  As used herein, the term "persons assisting Plaintiff's counsel in the instant litigation" is limited to:

(a)     Plaintiff;

(b)     attorneys in partnership or associated with Plaintiff's counsel;

(c)     clerks, paralegals and secretaries in the employ of Plaintiff's counsel;

(d)     experts and professional consultants who have been retained by Plaintiff's counsel and who have a need to know about the protected materials in order to assist counsel in their preparation for the trial of this matter.

CH1 11190066.1

7.    In the event any protected materials are disclosed to Plaintiff's experts and professional consultants, such disclosure must be made with the understanding that all restrictions contained in this Order apply with full force and effect to them.  Accordingly, if protected materials are disclosed to Plaintiff's experts, the party or person to whom the materials are disclosed shall state his or her consent in writing (in the form of an Acknowledgment attached hereto as Exhibit 1) to be bound by the terms of this Protective Order.

8.    The restrictions contained in this Order regarding disclosure of protected materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained in them as well as to any briefs, pleadings, exhibits, transcripts or other documents that may be prepared for filing in this litigation which contain or refer to the materials or information contained in them.

9.    The parties are to note the Local Rules provisions regarding documents filed under seal and *ex parte* motions.

10.    This Order does not limit the right of any party to object to the scope of discovery in this case.

11.    All parties agree that documents produced in this litigation shall only be used for purposes of this litigation and shall not be used for any other purpose.

12.    Upon final determination of this action, including all appeals, whether by judgment, settlement or otherwise, the parties shall remain bound by this order and each party shall destroy all documents received pursuant to this order, including all copies, excerpts, analyses or summaries thereof, unless opposing counsel picks up said documents.  In the event a party's counsel possesses attorney work product containing or referencing protected materials as

defined in this Order, such attorney work product shall remain subject to the restrictions set forth in paragraph 6 above or in the alternative may be destroyed.

      13.     Nothing contained in this Order shall affect or restrict the rights of any party with respect to any document or information developed from a source other than protected materials obtained through discovery herein. Such information or documents may be used without regard to this Order, even if similar or identical information or documents have been designated as confidential or are otherwise protected hereunder.

      14.     The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause.

      15.     Any willful violation of the terms of this Order may be found to be in Contempt of Court, resulting in such sanctions as deemed appropriate by the Court, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

      IT IS SO ORDERED.


ENTERED:_____          Dated:_____
          Magistrate Judge Evans
          Central District of Illinois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD, DIVISION**

| | |
|---|---|
| LISA GIACOMINI-FAY, ) | |
| ) | Judge Jeanne F. Scott |
| Plaintiff, ) | |
| v. ) | Magistrate Judge Charles E. Evans |
| ) | |
| MERCK & CO., INC., ) | Case No. 3:06-CV-03104-JES-CHE |
| ) | |
| Defendant. ) | |

## ACKNOWLEDGMENT OF REVISED AGREED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the Revised Agreed Protective Order entered on _____ \_\_\_\_\_, 2007, in connection with the above-captioned lawsuit and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt of Court.

_____

Dated:_____